**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                             No. 95-5316

CLEARMON ISAAC FRISBEE, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-93-6)

Submitted: March 26, 1996

Decided: May 22, 1996

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Bobo Long, Jr., LONG & PARKER, P.A., Asheville, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
Thomas R. Ascik, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clearmon Isaac Frisbee, Jr. was charged with attempting to take a deer with the use of artificial light within the Pisgah National Forest in violation of 18 U.S.C.A. § 13 (West 1995) and N.C.G.S. §§ 113-276.3, 113-291.1(b)(2), 113-294(e), 113-302(b) (1994). At trial, Frisbee's sole defense to the federal charge was an allegation that the property upon which the deer decoy was located did not belong to the United States Forest Service, but was in fact private land on which he had been given permission to hunt. The magistrate judge conducting Frisbee's trial found that the land in question belonged to the Forest Service and therefore entered a judgment of conviction against Frisbee.

Frisbee appealed this conviction to the district court, arguing that there was insufficient evidence to prove that the land in question was in fact federal property. The district court disagreed. It therefore affirmed Frisbee's conviction and dismissed his appeal.

Frisbee noted a timely appeal to this Court, arguing that there was insufficient evidence to establish that the land in question was federal property and therefore insufficient evidence of jurisdiction. When subject matter jurisdiction involves a determination of an element of the offense, the proper course of action is to examine the issue as it relates to the merits. See Bell v. Hood, 327 U.S. 678, 682 (1946). Accordingly, a sufficiency of the evidence review is the proper course for Frisbee's claim. Our review of the evidence presented at trial leads us to concur with the district court. Two North Carolina Resource Commission officers intensely familiar with the area stated that the deer decoy was located within the boundaries of the national park; one of these officers explained that the park had acquired this land five to ten years ago from a private land owner; and finally, the borders of the park were clearly labelled with signs and red blazes on trees. In controversion of this testimony, Frisbee presented only his own statement that he believed that land was still owned by a private land owner who had given him permission to hunt on the land several years ago. Taking this evidence in the light most favorable to the Government, we find that there was sufficient evidence for a reason-

able jury to have found that the land in question belonged to the Forest Service beyond a reasonable doubt. <u>See United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982) (providing sufficiency of the evidence standard). Accordingly, we affirm Frisbee's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3